UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Dwight Xavier Jones, | ) C/A No. 5:14-2691-RBH-KDW |
| | ) |
| Plaintiff, | ) |
| | ) REPORT AND RECOMMENDATION |
| vs. | ) |
| | ) |
| Sgt. Lyons; | ) |
| Officer Kelly; | ) |
| Officer F. Ballentine; | ) |
| Sgt. Todd; | ) |
| Officer Rentas; | ) |
| Lt. Clawson; | ) |
| Officer Thomas; | ) |
| MCO Christopher Shirley, | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

This is a civil action filed pro se by a local detention center detainee. Pursuant to 28 U.S.C. §636(b)(1), and Local Civil Rule 73.02(B)(2)(e) (D.S.C.), this magistrate judge is authorized to review all pretrial matters in such pro se cases and to submit findings and recommendations to the District Court. *See* 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

I.     Factual and Procedural Background

At the time this Complaint was submitted to the court, Dwight Xavier Jones ("Plaintiff") was a pretrial detainee at the Lexington County Detention Center ("LCDC"). He was being held pending a trial in Cayce Municipal Court on charges of animal at large, disorderly conduct, and assault on an officer. ECF No. 1-5 at 19. Plaintiff alleges that the arresting officer, Defendant Ballentine, has a history of harassing Plaintiff and had no probable cause to arrest him on any of

the three charges. ECF Nos. 1 at 4; 1-1 at 3; 1-2 at 4; 1-4 at 3; 1-5 at 21.

Plaintiff also alleges that the conditions of his confinement at the LCDC and the "corrupt" and "racist" nature of the officials in Lexington County violated his constitutional rights. ECF Nos. 1 at 3; 1-1 at 1; 1-4 at 2, 3; 1-5 at 1. For example, Plaintiff alleges that federal detainees are treated better than state detainees in all ways insofar as the conditions of their confinement (clean clothes, better food, more recreation time) are concerned. ECF No. 1 at 3. Plaintiff also alleges that he was fondled by a guard, Defendant Rentas, during a June 26, 2014 shakedown search, *id.*, and was taunted by other officers (Defendants Todd, Thomas, Shirley) who are "in cahoots" with Defendant Rentas, ECF No. 1-1 at 3, but that his grievance about the matter was disregarded by Defendant Lyons, who is apparently the supervisor at the LCDC. ECF No. 1-1 at 2, 3. He also alleges that there is mold in "the old jail," and he expresses concern for his health and safety (mental stress). ECF No. 1 at 4. Plaintiff also alleges that he was being denied photocopies and was kicked by Defendant Kelly, *id.* at 4, and that his mail was being tampered with so that he would have a difficult time pursuing two pro se civil "tort" actions that are allegedly pending in Edgefield County, Case Nos. 2012-CP-19-335 and 2013-CP-19-117, and actions in this court. ECF Nos. 1 at 4; 1-1 at 2, 3; 1-4 at 4. Plaintiff requests injunctive relief only: he seeks removal from LCDC custody and a federal investigation into the allegedly unhealthy conditions at LCDC and into the allegedly corrupt operation of the Cayce Department of Public Safety. ECF Nos. 1 at 4-5; 1-1 at 1, 2, 3; 1-4 at 4; 1-5 at 1. There are no requests for other forms of final relief anywhere in Plaintiff's submissions.[1]

---

[1] Plaintiff's allegations include statements that "Plaintiff filed Temporary Restraining Orders . . . on . . . officials," ECF No. 1 at 5, and several requests for "Temporary Restraining Order to be placed on the named officials," ECF No. 1-1 at 1; *see also* ECF Nos. 1-1 at 3; 1-2 at 1, 2, 4. However, none of these requests was submitted separately from Plaintiff's other voluminous

While this case was still in the initial review stage and while the court was awaiting Plaintiff's response to the directions in the initial Order issued, ECF No. 11, Plaintiff submitted a change of address notice. ECF No. 14. Because that notice indicated that Plaintiff was possibly no longer in custody at LCDC and because his release from custody could impact the court's legal consideration of Plaintiff's claims in this case, special interrogatories were issued and Plaintiff was directed to provide answers. ECF No. 22. Plaintiff's Answers to the Court's Special Interrogatories disclose that a Cayce Municipal Court jury acquitted him on the animal-at-large charge, but either convicted him or he pleaded guilty to the disorderly conduct and assault-on-an-officer charges. ECF No. 25. According to Plaintiff, he was sentenced to "time served" on those two convictions and he was released from LCDC custody on July 22, 2014. *Id*.

II.     Standard of Review

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's pro se Complaint filed in this case. This review has been conducted pursuant to the procedural provisions of 28 U.S.C. § § 1915, 1915A, and the Prison Litigation Reform Act of 1996, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden*, *Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

Pro se complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged

---

submissions, and the Clerk of Court did not docket any of the requests as a motion. Even if the requests had been docketed and considered as motion for temporary restraining order, before the court could enter any such order, Plaintiff would have to prove "likelihood of success on the merits" of his Complaint. *See Winter v. Natural Res. Def. Council*, 555 U.S. 7, 20 (2008). Plaintiff cannot do so because, as explained in this Report, Plaintiff's allegations fail to state any

3

with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *De'Lonta v. Angelone*, 330 F.3d 630, 630 n.1 (4th Cir. 2003). Nevertheless, the requirement of liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Even under this less stringent standard, the Complaint filed in this case is subject to summary dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B).

III.    Discussion

Plaintiff's Complaint should be dismissed as moot insofar as it alleges that the conditions under which Plaintiff was held at LCDC violated his constitutional rights and seeks injunctive relief because Plaintiff is no longer confined there. The Fourth Circuit Court of Appeals recently discussed the mootness principle in connection with a prisoner's conditions-of-confinement claim, stating in relevant part,

> Mootness principles derive from the requirement in Article III of the Constitution that federal courts may adjudicate only disputes involving "a case or controversy." *Warren v. Sessoms & Rogers, P.A.*, 676 F.3d 365, 370 (4th Cir. 2012) (citing *DeFunis v. Odegaard*, 416 U.S. 312, 316 (1974)). The case-or-controversy requirement applies to all stages of a federal case. *See Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477–79 (1990). "[I]t is not enough that a dispute was very much alive when [the] suit was filed," but the parties must continue to have a "particularized, concrete stake" in the outcome of the case through all stages of litigation. *Id*. This constitutional requirement is of paramount importance, because the federal courts have "no authority to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it." *Church of Scientology of Cal. v. United States*, 506 U.S. 9, 12 (1992) (citation omitted).

---

plausible claims against any Defendant. Thus, no restraining order is available in this case.

4

> A court is deprived of jurisdiction over a case when the case becomes moot. *Iron Arrow Honor Soc'y v. Heckler*, 464 U.S. 67, 70 (1983); *Pashby v. Delia*, 709 F.3d 307, 316 (4th Cir. 2013). Therefore, we address mootness, irrespective whether the issue was raised by the parties, when our jurisdiction is "fairly in doubt." *Ashcroft v. Iqbal*, 556 U.S. 662, 671 (2009); *Friedman's, Inc. v. Dunlap*, 290 F.3d 191, 197 (4th Cir. 2002).
>
> A case becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Powell v. McCormack*, 395 U.S. 486, 496 (1969). A change in factual circumstances can moot a case . . . such as when the plaintiff receives the relief sought in his or her claim, *Simmons v. United Mortg. & Loan Inv., LLC*, 634 F.3d 754, 763 (4th Cir. 2011), or when an event occurs that makes it impossible for the court to grant any effectual relief to the plaintiff, *Church of Scientology*, 506 U.S. at 12. We have explained that "[m]ootness questions often arise in cases involving inmate challenges to prison policies or conditions," because by the time such a suit is ready for adjudication, the challenged practice or policy may no longer affect the prisoner. *Incumaa v. Ozmint*, 507 F.3d 281, 286 (4th Cir. 2007).

*Williams v. Ozmint*, 716 F.3d 801, 808-09 (4th Cir. 2013). It is settled that conditions-of-confinement claims seeking only injunctive and/or declaratory relief become moot when the plaintiff is transferred to a different facility or released from the facility where the plaintiff's claims arose. *See Rendelman v. Rouse*, 569 F.3d 182, 186 (4th Cir. 2009) ("[A]s a general rule, a prisoner's transfer or release from a particular prison moots his claims for injunctive and declaratory relief with respect to his incarceration there."); *see also Incumaa v. Ozmint*, 507 F.3d 281, 286-87 (4th Cir. 2007) (transfer to less restrictive prison placement rendered moot a prisoner's claims for injunctive and declaratory relief); *Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir. 1991) (same); *Taylor v. Rogers*, 781 F.2d 1047, 1048 n.1 (4th Cir. 1986) (same). As a result, because Plaintiff is no longer detained at LCDC, his Complaint fails to state plausible injunctive-relief claims against any person for racial discrimination, mail tampering, denial of access to court, or indifference to inmate safety that allegedly occurred during

5

Plaintiff's detention. Because they are only sued in connection with these non-plausible conditions-of-confinement claims, this case should be summarily dismissed as to Defendants Sgt. Lyons, Officer Kelly, Sgt. Todd, Officer Rentas, Officer Thomas, and MCO Shirley.

Furthermore, review of the Complaint does not disclose any allegation of wrongdoing or personal involvement in the wrongdoing of others against Defendant Lt. Clawson. As a result, no plausible federal claim of any kind is stated against Clawson and the Complaint should be summarily dismissed as to this Defendant as well. *See Cochran v. Morris*, 73 F.2d 1310 (4th Cir. 1996) (statute allowing dismissal of *in forma pauperis* claims encompasses complaints that are either legally or factually baseless); *Weller v. Dep't of Social Servs.*, 901 F.2d at 389 n.2 (dismissal proper where there were no allegations to support claim). It is well settled that federal courts performing their duties of construing pro se pleadings are not required to be "mind readers" or "advocates" for state prisoners or pro se litigants. *See Beaudett v. City of Hampton*, 775 F.2d at 1278; *Gordon v. Leeke*, 574 F.2d at 115. Moreover, in order to assert a plausible § 1983 claim against any particular public official, a "causal connection" or "affirmative link" must exist between the conduct of which the plaintiff complains and the official sued. *See Kentucky v. Graham*, 473 U.S. 159 (1985); *Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983). Because there are no allegations of any wrongdoing on the part of Lt. Clawson, Plaintiff's Complaint is both frivolous and fails to state a claim on which relief may be granted to the extent that Clawson is named as a Defendant.

Finally, to the extent that the Complaint may be liberally construed as raising Fourth Amendment false-arrest and malicious-prosecution claims against Defendant Ballentine based on Plaintiff's arrest and prosecution on the animal-at-large, disorderly conduct, and

assault-on-an-officer charges, such claims are moot and, therefore, subject to summary dismissal because the only relief requested on such claims: release from LCDC custody, has been obtained. *See Church of Scientology*, 506 U.S. at 12 (claim is moot when an event occurs that makes it impossible for the court to grant any effectual relief); *Williams v. Ozmint*, 716 F.3d 801, 808-09 (claim is moot when requested relief has been obtained); *Simmons v. United Mortg. & Loan Inv., LLC*, 634 F.3d at 763 (same). Plaintiff's requests for a "federal investigation" of the conditions at LCDC and of the operations of the Cayce Department of Public Safety do not save this Complaint because of the mootness of the underlying claims. Were this court to order such an investigation and find that Plaintiff's rights were violated, but then be faced with no request for relief that may granted under the facts shown in this case, it would, in effect, be rendering an advisory opinion. Federal courts are barred from issuing such opinions by Article III of the United States Constitution. *See Preiser v. Newkirk*, 422 U.S. 395, 401 (1975) (federal courts do not render advisory opinions); *Bowler v. Young*, 55 F. App'x 187, 188 (4th Cir. 2003) (same). Based on the foregoing, Plaintiff's Complaint fails to state any plausible claims upon which relief may be granted against any Defendant.[2]

IV.     Recommendation

---

[2] Even if Plaintiff had requested available relief, a false-arrest claim based on the disorderly conduct and assault-on-an-officer charges would still be subject to summary dismissal because Plaintiff was convicted on the charges. *See Cannon v. Haverty Furniture Co.*, 183 S.E. 469, 484 (S.C. 1935) (no plausible false-arrest claim after a conviction is obtained); *see also Walker v. Schaeffer*, 854 F.2d 138, 143 (6th Cir.1988) (a conviction bars § 1983 false-arrest claims arising from the charge on which the conviction is based); *Cameron v. Fogarty*, 806 F.2d 380, 387 (2d Cir. 1986) (same); *Martin v. Delcambre*, 578 F.2d 1164, 1165 (5th Cir. 1978) (same). A malicious-prosecution claim arising from the same charges is barred under *Heck v. Humphrey,* 512 U.S. 477, 486-87 (1994), because Plaintiff's allegations against Defendant Ballentine, if true, would invalidate the convictions, but they have not been overturned by appeal, PCR, habeas, or otherwise.

It is recommended that the district court dismiss the Complaint in this case *without prejudice*. *See Brown v. Briscoe*, 998 F.2d 201, 202-04 (4th Cir. 1993); *see also* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

IT IS SO RECOMMENDED.

October 10, 2014                                           Kaymani D. West
Florence, South Carolina                              United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 2317**
**Florence, South Carolina 29503**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).