IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | | |
|---|---|---|
| Dwight Xavier Jones, | ) | Civil Action No.: 5:14-cv-2691-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Sgt. Lyons; Officer Kelly; Officer F. | ) | |
| Ballentine; Sgt. Todd; Officer | ) | |
| Rentas; Lt. Clawson; Officer | ) | |
| Thomas; and MCO Christopher | ) | |
| Shirley, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Dwight Xavier Jones, ("Plaintiff"), proceeding *pro se*, brought this civil action against the above captioned Defendants pursuant to 42 U.S.C. § 1983 on July 2, 2014. *See* Compl., ECF No. 1. Plaintiff was a detainee at the Lexington County Detention Center ("LCDC") when he filed this action, but asserts that he was released on July 22, 2014. *See* ECF No. 25 at 2. This matter is before the Court after the issuance of the Report and Recommendation ("R & R") of United States Magistrate Judge Kaymani D. West.[1]   *See* R & R, ECF No. 28. In the R & R, the Magistrate Judge recommends that the Complaint be dismissed without prejudice. *See id.* at 8. Plaintiff timely filed a response to the R & R on October 15, 2014. *See* Pl.'s Resp., ECF No. 31.

---

[1] In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (D.S.C.), this matter was referred to the Magistrate Judge for pretrial handling. The Magistrate Judge's review of Plaintiff's complaint was conducted pursuant to the screening provisions of 28 U.S.C. §§ 1915(e)(2) and 1915A. The Court is mindful of its duty to liberally construe the pleadings of *pro se* litigants. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978); *but see Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to the district court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the district court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The district court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The district court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The Court reviews only for clear error in the absence of a specific objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

## DISCUSSION[2]

In the R & R, the Magistrate Judge noted that Plaintiff's complaint only requests injunctive relief. *See* ECF No. 28 at 2. More particularly, Plaintiff seeks removal from LCDC custody and to have this Court order a federal investigation into the conditions of the LCDC and the allegedly

---

[2] The facts of this case, including citations to the record, were completely and accurately set forth in the Magistrate Judge's Report and Recommendation. *See* ECF No. 28 at 1–2. Briefly stated, Plaintiff's complaint makes various allegations regarding an arrest for animal at large, disorderly conduct, and assault on an officer. *See* ECF No. 1-5 at 19. Plaintiff also raises various complaints regarding the conditions of his confinement at the LCDC. *See* ECF No. 1 at 3, 1-1 at 1, 1-4 at 2–3, 1-5 at 1.

2

corrupt operation of the Cayce Departmnet of Public Safety. *See id.* (citing ECF No. 1 at 4–5; 1-1 at 1–3, 1-4 at 4; and 1-5 at 1). The Magistrate Judge found that the Complaint should be dismissed as moot insofar as it seeks injunctive relief regarding the conditions of Plaintiff's confinement at the LCDC, as he is no longer confined there. *See* ECF No. 28 at 4–6. Since Plaintiff's allegations against Defendants Sgt. Lyons, Officer Kelly, Sgt. Todd, Officer Rentas, Officer Thomas, and MCO Shirley all relate solely to the conditions of Plaintiff's confinement at the LCDC, the Magistrate Judge recommended finding that they are entitled to dismissal. *See id.* at 6. Moreover, the Magistrate Judge noted that the Complaint does not allege any personal involvement of Defendant Lt. Clawson in any wrongdoing, and thus he is also entitled to dismissal. *See id.* Finally, the Magistrate Judge reasoned that, to the extent the Complaint could be liberally construed to state a claim for malicious prosecution or false arrest against Defendant Ballentine, the only relief requested on such claims (release from LCDC custody) has been obtained. *See id.* at 6–7. The Magistrate Judge recommends dismissing the Complaint, as Plaintiff has failed to state any plausible claims upon which relief may be granted against any Defendant. *See id.* at 7.

Plaintiff timely filed what was styled as a "response" to the R & R, which the Court will construe as objections. Plaintiff's objections, however, do not discuss any of the Magistrate Judge's analysis. *See generally* ECF No. 31. Instead, Plaintiff merely lists a string of case citations detailing general principles governing suits brought under 42 U.S.C. § 1983. *See id.* Plaintiff does not provide any further analysis or discussion; much less address the findings in the R & R.

In light of Plaintiff's failure to provide any specific objections, the Court need only analyze the R & R for any clear error. Nevertheless, having conducted a full *de novo* review of the record the Court agrees with the analysis of the Magistrate Judge as set forth in the R & R. Plaintiff's

complaint only requests injunctive relief arising out of his confinement in the LCDC. Because he has been released from said confinement, the Complaint is moot.

CONCLUSION

The Court has thoroughly reviewed the entire record, including Plaintiff's Complaint, the R & R, Plaintiff's objections to the R & R, and applicable law. For the reasons stated above and by the Magistrate Judge, the Court hereby overrules Plaintiff's objections and adopts the Magistrate Judge's R & R.

**IT IS THEREFORE ORDERED** that Plaintiff's Complaint is **DISMISSED**, *without prejudice*.

**IT IS SO ORDERED.**


               s/ R. Bryan Harwell
               R. Bryan Harwell
               United States District Judge

Florence, South Carolina
May 6, 2015